FILED
JN NOV 10 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PAUL JAVARAS, | ) |
| | ) |
| Plaintiff, | ) JUDGE ZAGEL |
| | ) No. |
| v. | ) 05C 6450 |
| | ) |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) |
| f/d/b/a FEINGOLD & LEVY, | ) |
| | ) MAGISTRATE JUDGE LEVIN |
| Defendant. | ) JURY DEMANDED |

## COMPLAINT

### *Introduction*

1. Paul Javaras seeks redress for the unfair and deceptive practices of Weltman, Weinberg & Reis Co., L.P.A., formerly doing business as Feingold & Levy, committed in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA").

### *Jurisdiction and Venue*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because Defendant can be found, has agents, and transacts business in this district.

### *Parties*

4. Plaintiff Paul Javaras resides in this district.

5. Paul Javaras is a "consumer," as that term is defined by § 1692a(3) of the FDCPA.

6. The alleged debt that Defendant Weltman, Weinberg sought to collect from Plaintiff is a "debt," as that term is defined by § 1692a(5) of the FDCPA, because it was originally incurred for personal, family or household purposes.

7. Defendant is regularly engaged in the business of collecting debts allegedly owed by consumers through collection letters and other correspondence.

8. Defendant Weltman, Weinberg is a "debt collector," as defined by § 1692a(6) of the FDCPA.

## *Factual Allegations*

9. On or about August 12, 2005, Defendant, operating under the name Feingold & Levy, sent Plaintiff an initial collection letter attempting to collect a debt allegedly owed to Gottlieb Memorial Hospital.

10. In response to the August 12, 2005 letter, Plaintiff consulted his attorney.

11. On August 22, 2005, Plaintiff's attorney responded to Defendant's letter with a facsimile that stated: (1) Paul Javaras disputed the amount of the debt; and (2) Paul Javaras was represented by counsel and all future communications should be directed to his attorneys. The August 22, 2005 facsimile also contained proof of payment by Javaras for the fair market value of the medical services provided.

12. Rather than verify the debt or respond to Plaintiff's attorney, on or about September 8, 2005, Defendant sent another collection letter directly to Plaintiff, not his attorney.

13. The September 8, 2005 letter stated, in relevant part:

> OUR RECORDS SHOW THAT YOU HAVE NOT ANSWERED OUR
> PREVIOUS LETTERS. WE WANT THERE TO BE ABSOLUTELY
> NO ROOM FOR DOUBT AS TO YOUR INTENTIONS IN THIS
> MATTER. THEREFORE, WE ARE GIVING YOU THE OPPORTUNITY
> TO CLEAR YOUR OBLIGATION TO OUR CLIENT AT THIS TIME.

## COUNT I
### *Violations of Section 1692g of the Fair Debt Collection Practices Act*

14. Plaintiff restates, realleges and incorporates herein by reference paragraphs 1-13 as if set forth fully in this Count.

15. Section 1692g of the FDCPA requires that a debt collector include a validation notice either with, or sent within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights under which a consumer may dispute a debt, request verification of a debt, or obtain certain information about the creditor within 30 days of an initial communication from a debt collector.

16. Under federal law, this validation notice must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the unsophisticated consumer.

17. If a consumer advises the debt collector that a debt is disputed within thirty days after receiving an initial collection letter, § 1692g(b) of the FDCPA provides that the debt collector must cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt for the consumer.

18. Defendant violated § 1692g(b) of the FDCPA by ignoring Plaintiff's timely validation request, failing to verify the debt, and continuing its collection efforts.

WHEREFORE, Plaintiff Paul Javaras respectfully requests that this Court grant judgment in his favor and award the following relief against Defendant:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (B)    Attorneys' fees, litigation expenses and costs; and

    (A)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT II
### *Violations of Section 1692c of the Fair Debt Collection Practices Act*

19.    Plaintiff restates, realleges and incorporates herein by reference paragraphs 1-13 as if set forth fully in this Count.

20.    Section 1692c(a)(2) of the FDCPA prohibits communication with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address..."

21.    By virtue of the August 22, 2005 facsimile sent by Plaintiff's attorney, Defendant knew that Plaintiff was represented by an attorney with regard to the debt, yet continued to send collection correspondence to Plaintiff directly, in violation of § 1692c(a)(2).

WHEREFORE, Plaintiff Paul Javaras respectfully requests that this Court grant judgment in his favor and award the following relief against Defendant:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (C)    Attorney's fees, litigation expenses and costs; and

    (D)    Any other relief that this Court deems appropriate under the circumstances.

### *Jury Demand*

Plaintiff respectfully requests a trial by jury.

Respectfully Submitted,

By: _____
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808